IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DIANNE L. DORMAN,　　　　　　§
　　　　　　　　　　　　　　　§
　　　　Plaintiff,　　　　　　§
　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　§　　NO. 4:07-CV-652-A
　　　　　　　　　　　　　　　§
NNR GLOBAL LOGISTICS USA INC.,§
　　　　　　　　　　　　　　　§
　　　　Defendant.　　　　　　§

MEMORANDUM OPINION
and
ORDER

On April 2, 2008, defendant, NNR Global Logistics USA Inc., filed a motion for summary judgment in the above-captioned action. Though a response to such motion was due on April 22, 2008, plaintiff, Dianne L. Dorman, had not responded as of the signing of this memorandum opinion and order. Having considered the motion, the summary judgment evidence, and applicable authorities, the court concludes that defendant's motion for summary judgment should be granted with respect to plaintiff's claims under the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA"), and the court is exercising its discretionary authority under 28 U.S.C. § 1367(c)(3) to dismiss plaintiff's pendent state law claim.

I.

Plaintiff's Claims

Plaintiff alleges that: defendant intentionally discriminated against her because of her disability in connection with the compensation, terms, conditions, and privileges of

employment, in violation of the ADA, 42 U.S.C. § 12112;[1] defendant instituted a campaign of retaliation against plaintiff, which included terminating her employment, due to her having filed a workers' compensation claim; and defendant interfered with the exercise of plaintiff's rights under the FMLA, 29 U.S.C. § 2615(a), and discriminated against her in violation of the same.

II.

## The Motion for Summary Judgment

Defendant maintains that, <u>inter alia</u>, plaintiff does not have a disability; she cannot establish the causation necessary for her workers' compensation retaliation claim; and her FMLA claim must fail because she was not an eligible employee.

III.

The summary judgment record establishes without dispute that:

Defendant is a provider of air and ocean import and export freight forwarding, customs brokerage, warehousing, and third party logistics. It has a facility in Grapevine, Texas, near DFW airport. Defendant hired plaintiff in March of 2006 as an assistant export operations manager at the Grapevine facility, which had twelve employees at that time and currently has ten. When defendant employed plaintiff at the Grapevine facility, its

---

[1] In her original complaint, plaintiff pleaded a parallel cause of action under section 21.051 of the Texas Labor Code. She abandoned such claim in her active pleading, the first amended complaint, which was filed on April 1, 2008.

nearest other facility was located in Austin, Texas. Currently, defendant has no other facilities located in Texas.

Plaintiff's job duties involved both office and warehouse work. During October of 2006, plaintiff injured her knee outside of work. Defendant gave her time off due to her injury, apparently being under the erroneous impression that the FMLA covered plaintiff as an eligible employee. Plaintiff concedes that she had not worked for defendant for twelve months when they gave her this time off. She was off work from October 6, 2006, to December 4, 2006, when she was released to return to work. At that time, her limitation was "desk work only." Def.'s App. at 82. She could drive herself to work and walk around the office for things like going to the restroom. Defendant assigned a temporary employee working in the office to assist plaintiff, performing tasks she was unable to perform. Plaintiff noted that the temporary employee would not always be available, as he would go to lunch and take breaks from time to time.

Merely ten days after returning to work, on December 14, 2006, plaintiff notified defendant that, in the process of getting out of her chair at work to walk to the copier some five to seven feet away, she had further injured her knee. Again, defendant chose to provide her with leave. During such leave, defendant sent plaintiff a letter informing her that it had received a return to work form from plaintiff's doctor, which indicated that plaintiff could return to work on December 22. Defendant further advised plaintiff that the maximum leave to

3

which she would be entitled would end on January 11, 2007. Plaintiff did not return to work on December 22 or January 11. At that point, defendant sought information from plaintiff as to when she would be able to return to work. Plaintiff could not give an exact date, but indicated she would need until at least April 1, 2007, and possibly longer. By letter dated January 31, 2007, defendant informed plaintiff that her employment was being terminated effective that date because she had been out of work in excess of twelve weeks and had no additional FMLA leave time available. Plaintiff never reapplied for employment with defendant.

Plaintiff understood the restrictions associated with her injury to be temporary. Her condition continued to improve such that as of the end of August 2007, her only restrictions were not climbing stairs or ladders or lifting or carrying objects weighing more than twenty-five pounds. By November 13, 2007, at a functional capacity evaluation, plaintiff showed the ability to perform at the medium physical demand level, which corresponds with occasionally lifting fifty pounds, frequently lifting twenty-five pounds, constantly lifting ten pounds, and standing and walking. When she gave her deposition on March 24, 2008, plaintiff could drive a car long distances, she could work in an office environment, she believed she could be a teacher of older children, and she believed she could work as a salesperson as long as the customer location did not have stairs. Plaintiff admits that she is capable of working, but not to the physical

extent she was at the time she was working for defendant.

Plaintiff has applied for Social Security Disability benefits, and in her filing she claimed that she is able to work. In July of 2007, plaintiff applied for unemployment, representing to the Texas Workforce Commission that she was able to work.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 256. To meet this burden, the nonmovant must "identify specific evidence in the record[] and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v.

5

Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

A. Plaintiff's ADA Claim.

To prevail on an ADA discrimination claim, a plaintiff must establish that he or she: (1) has a disability; (2) is qualified for the position in which employment is sought; and (3) was discriminated against because of his or her disability. Jenkins v. Cleco Power, LLC, 487 F.3d 309, 315 (5th Cir. 2007). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).[2] "A physical impairment, standing alone, is not necessarily a disability as contemplated by the ADA." Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 726 (5th Cir. 1995).

At best, the summary judgment evidence supports a conclusion that plaintiff, at one time at least, had a knee injury, i.e. a physical impairment. However, plaintiff has failed to present

---

[2] "Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Regulations to Implement the Equal Employment Provisions of the Americans with Disabilities Act, 29 C.F.R. § 1630.2(i) (2007).

anything as would create a genuine issue of material fact as to whether her impairment substantially limits or limited one or more major life activities.³  "Whether an impairment is substantially limiting depends on (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact."  <u>Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.</u>, 242 F.3d 610, 614 (5th Cir. 2001).  The record before the court establishes as a matter of law that, based on its nature, severity, and duration, plaintiff's impairment was not a disability as contemplated by the ADA.

B.  <u>Plaintiff's FMLA Claim.</u>

The be an "eligible employee" under the FMLA, an employee must have been employed "for at least 12 months by the employer with respect to whom leave is requested . . . ."  29 U.S.C. § 2611(2)(A)(i).  Further, an "eligible employee" does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of

---

³Attempting to cover all the bases, plaintiff alleges that she was disabled, she had a record of disability, and defendant regarded her as having a disability.  For the same reasons as discussed above, plaintiff's claim that she had a record of disability fails.  She has identified no evidence of a record of an impairment that substantially limited any major life activity.  Likewise, she has presented nothing as would support her claim that defendant regarded her as disabled.  <u>See</u> <u>Foreman v. Babcock & Wilcox Co.</u>, 117 F.3d 800, 806 (5th Cir. 1997) ("An employer does not necessarily regard an employee as having a substantially limiting impairment simply because it believes that she is incapable of performing a particular job . . . .")

7

that worksite is less than 50." Id. § 2611(2)(B)(ii).

Plaintiff has failed to establish a fact issue as to whether she was an "eligible employee." Indeed, the summary judgment evidence establishes as a matter of law that she could not do so. First of all, she was only employed by defendant for approximately seven months when she was injured and requested time off. Second, even if she had been employed longer, she would have been excepted as an eligible employee because defendant employed less than fifty employees at or within seventy-five miles of her worksite.

In her first amended complaint, plaintiff alleges that defendant is estopped to deny the application of the FMLA in this action. The court acknowledges that defendant appears to have mistakenly advised plaintiff that the FMLA was applicable and acted as if it were. In a case distinguishable from the instant facts, the United States Court of Appeals for the Fifth Circuit recognized that:

> [A]n employer who without intent to deceive makes a
> definite but erroneous representation to his employee
> that she is an "eligible employee" and entitled to
> leave under FMLA, and has reason to believe that the
> employee will rely upon it, may be estopped to assert a
> defense of non-coverage, if the employee reasonably
> relies on that representation and takes action thereon
> to her detriment.

Minard v. ITC Deltacom Commc'ns, Inc., 447 F.3d 352, 359 (5th Cir. 2006). The court need not consider whether defendant is estopped to assert non-coverage in this action, however, because in failing to file a response to the motion for summary judgment,

plaintiff has failed to identify any specific evidence and to articulate the precise manner in which any such evidence may have supported an argument for equitable estoppel. See Forsyth, 19 F.3d at 1537. In any event, plaintiff's FMLA claim necessarily fails because the summary judgment record proves without dispute that defendant provided plaintiff with leave in excess of twelve weeks. See Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 763 (5th Cir. 2001) ("If an employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement also expires.")

C. Plaintiff's Workers' Compensation Retaliation Claim.

This court has supplemental jurisdiction over plaintiff's claim under section 451.001 of the Texas Labor Code because it has original jurisdiction over her other claims. See 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). As discussed above, the court is dismissing plaintiff's ADA and FMLA claims, and federal question jurisdiction was the only alleged basis of this court's original jurisdiction. Thus the only remaining claim in the above-captioned action is the claim under section 451.001 of the Texas Labor Code, which the court now dismisses pursuant to the discretionary authority conferred by § 1367(c)(3). See Rhyne v. Henderson County, 973 F.2d 386, 395 (5th Cir. 1992).

## VII.

## Order

For the reasons discussed above,

The court ORDERS that plaintiff's ADA and FMLA claims be, and are hereby, dismissed with prejudice.

The court further ORDERS that plaintiff's claim under section 451.001 of the Texas Labor Code be, and is hereby, dismissed pursuant to the court's discretionary authority under 28 U.S.C. § 1367(c)(3).

SIGNED May 5, 2008.

_____
JOHN McBRYDE
United States District Judge